IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

NELETA R. SMITH                   :
                                  :
v.                                :   Civil Action WMN-02-1140
                                  :
OURISMAN AUTOMOTIVE OF            :
LAUREL, INC., <u>et al.</u>       :

**<u>MEMORANDUM</u>**

Before the Court is Defendant Ourisman Automotive of Laurel Inc.'s (Ourisman) Motion to Dismiss, or in the Alternative for Summary Judgment on Plaintiff's Amended Complaint (Civil Action No. WMN-02-1664, Paper No. 6).[1] The motion is ripe for decision. Upon a review of the pleadings and applicable case law, this Court determines that no hearing is necessary (Local Rule 105.6)

---

[1] Plaintiff filed her original Complaint in State Court, and the Complaint was removed to this Court and became Civil Action No. WMN-02-1140. Defendant Ourisman Automotive of Laurel, Inc. filed a Motion to Dismiss, or in the Alternative For Summary Judgment on Counts V and VI of Plaintiff's Complaint. (Civil Action No. WMN-02-1140, Paper No. 6). Plaintiff then filed an Amended Complaint in the State Court, which was removed to this Court and became Civil Action No. WMN 02-1664. This Court consolidated the cases for all purposes and ordered that all future pleadings be captioned and filed under Civil Action No. WMN-02-1140. (Civil Action No. WMN 02-1664, Paper No. 16). In the Amended Complaint, Plaintiff added Defendant Ourisman Automotive of Laurel, Inc. to Counts I, II, III, and IV as well as to the new Counts VII and VIII. Defendants then filed the instant action. Because the instant action encompasses the previous motion to dismiss and/or for summary judgment, the Court will address just the instant action and will deny Defendant's Motion to Dismiss, or in the Alternative For Summary Judgment on Counts V and VI of Plaintiff's Complaint as moot.

and that Defendant's motion will be granted.

This action arises out of Plaintiff's employment with Defendant Autohaus Tischer and the alleged actions that certain of Tischer's employees took with regard to Plaintiff. Plaintiff began her employment with Tischer on October 18, 1999 as a cashier in the Accounts Payable Department. Plaintiff alleges that since December 1999, she has been subjected to sexually harassing behavior from individual Defendants Gregg Robinson and Dwayne Butler. According to Plaintiff, Tischer's management took no action against Robinson or Butler even though Plaintiff filed formal sexual harassment complaints against both individuals. On April 5, 2001, Plaintiff was terminated from her position with Tischer.

Plaintiff thereafter filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) against Tischer, received her right-to-sue letter, and then instituted the instant litigation. In her multi-count Amended Complaint, Plaintiff alleges that Defendants Tischer, Robinson, Butler, Tischer Automotive, LLC, Christian VanBerg, and Randall Helman sexually harassed her and retaliated against her in violation of both federal and state law (Counts I, II, III, and IV). Plaintiff also pleads Assault and Battery (Counts V and VI), Negligent Supervision and Retention (Count VII) and Defamation

(Count VIII) against Defendants Tischer, Robinson, Butler, Tischer Automotive, LLC, Christian VanBerg, and Randell Helman. Plaintiff seeks a remedy from Defendant Ourisman along with the other Defendants for these claims. Defendant Ourisman now moves to dismiss or in the alternative, for summary judgment on Plaintiff's Amendment Complaint. Defendant requests that the Amended Complaint against Ourisman be dismissed in its entirety.

Defendant has moved to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), or in the alternative, for summary judgment pursuant to Rule 56. A court only considers the pleadings when deciding a Rule 12(b)(6) motion. If matters outside the pleadings are presented and not excluded, the motion must be considered under the summary judgment standard of Rule 56. See, Villeda v. Prince George's County, MD., et al., 2002 U.S.Dist.LEXIS 16292, at *2-3 (D. Md. 2002). In this case, Defendant attached two exhibits to its motion: the Affidavit of James M. Hastings (Def. Ex. 1) and the Purchase and Sale Agreement between Autohaus Tischer, Inc. and Ourisman of Laurel, Inc. (Def. Ex. A). The Court has considered these exhibits. Defendant's motion shall be considered a motion for summary judgment and decided accordingly.

Defendant Ourisman advances two arguments in support of its motion for summary judgment. First, it argues that Plaintiff

failed to assert properly any claims against it. Def.'s Mot. at 4. Second, Defendant argues that, assuming Plaintiff correctly pled these claims against Defendant, Plaintiff cannot establish any basis upon which Defendant could be found liable for those claims. Id. at 6. The Court will move directly to Defendant's second argument.

Plaintiff is correct that Defendant Ourisman recently bought Autohaus Tischer. Pl.'s Am. Com. at 3. Simply because Ourisman acquired certain of Tischer's assets pursuant to a Purchase and Sales Agreement, however, does not render Ourisman liable for those harms allegedly caused by other Defendants several months earlier. See, Kaiser Found. Health Plan of the Mid-Atlantic States v. Clary & Moore, P.C., 123 F.3d 201, 204 (4th Cir. 1997) (stating that a company that purchases or otherwise receives assets of another company is generally not liable for debts and liabilities of selling corporation). In this case, Defendant Ourisman expressly disclaimed any of Defendant Tischer's liabilities, including claims from Tischer's employees. Hastings Aff. at ¶¶ 7, 8. Additionally, James M. Hastings, Defendant's Secretary and Chief Financial Officer, stated in his attached affidavit that Defendant never employed, supervised, or directed the Plaintiff, or the individual Defendants Robinson and Butler. Hastings Aff. at ¶¶ 9, 10, 11.

In response to these facts, Plaintiff argues in her opposition brief that Defendant's motion is premature and requests, pursuant to Federal Rule of Civil Procedure 56(f), an opportunity for limited discovery.  Under Fed.R.Civ.P. 56(f), if the non-moving party seeks to conduct further discovery to defeat a properly filed motion on summary judgment, the non-moving party must file a supporting affidavit.  The Fourth Circuit has held that absent such an affidavit, the request to postpone ruling on the summary judgment ruling must be denied.  <u>Evans v. Technologies Applications & Serv. Co.</u>, 80 F.3d 954, 961 (4th Cir. 1996).  Plaintiff did not attach anything to her opposition brief.  Because Plaintiff has presented no facts that would support imputing liability to Defendant Ourisman and because Plaintiff did not file an affidavit with her Rule 56(f) request, this Court will grant Defendant Ourisman's motion for summary judgment.  A separate order consistent with this memorandum will issue.

                                              /s/ William M. Nickerson
                                              William M. Nickerson
                                              Senior United States District Judge

Dated: October 7, 2002